UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL DOWEY, | ) | Case No. 5:17CV2489 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | MAGISTRATE JUDGE DAVID A. RUIZ |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | |
| Defendant. | ) | REPORT AND RECOMMENDATION |

Plaintiff Michael Dowey ("Dowey" or "claimant") has challenged the final decision of Defendant Commissioner of Social Security ("Commissioner"), denying his application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423, *et seq*. ("Act"). This court has jurisdiction pursuant to 42 U.S.C. § 405(g).

The issue before the court is whether the final decision of the Commissioner is supported by substantial evidence and, therefore, conclusive. For the reasons set forth below, the Commissioner's final decision should be affirmed.

I. PROCEDURAL HISTORY

On April 23, 2014, the claimant protectively filed an application for DIB, alleging disability beginning September 11, 2011. (R. 10, Transcript ("tr."), at 20, 177-178, 194-195, 196-205.) The claimant's application was denied initially and

Case: 5:17-cv-02489-BYP Doc #: 13 Filed: 12/21/18 2 of 14. PageID #: 430

upon reconsideration. *Id.* at 47-78, 79-87. Thereafter, the claimant filed a request for a hearing before an administrative law judge ("ALJ"). *Id.* at 104.

The ALJ held a supplemental hearing[1] on August 23, 2016. (R. 10, tr., at 29-39.) Claimant appeared at the hearing, was represented by counsel, and testified. *Id.* at 31-36, 37-38. A vocational expert ("VE") attended the hearing and provided testimony. *Id.* at 31, 37. On September 8, 2016, the ALJ issued the decision and concluded claimant was not disabled. *Id.* at 20-24. The Appeals Council denied Dowey's request for review, thus rendering the ALJ's decision the final decision of the Commissioner. *Id.* at 1-3.

Dowey has filed a complaint challenging the Commissioner's final decision, pursuant to 42 U.S.C. § 405(g). The parties have completed briefing in this case.

Dowey presents the following legal issue for the court's review: "The Administrative Law Judge's conclusion lacked the support of substantial evidence in finding that Plaintiff had no medically determinable impairments." (R. 11, PageID #: 413.)

## II. PERSONAL BACKGROUND INFORMATION

Dowey was born in 1955 and was 56 years old on the alleged disability onset date. (R. 10, tr., at 177, 196.) He has a high school education and can communicate

---

[1] An initial hearing was held on June 30, 2016. (R. 10, tr., at 40-46.) At the hearing, the ALJ noted there was insufficient medical evidence of record, and gave claimant the opportunity to supplement the record. *Id.* at 44-45.

in English. (R. 10, tr., at 199, 201.) Dowey had past work in landscaping and janitorial work. (R. 10, tr., at 36.)

### III. RELEVANT MEDICAL EVIDENCE[2]

Disputed issues will be discussed as they arise in Dowey's brief alleging error by the ALJ. As noted earlier, Dowey applied for DIB benefits on April 23, 2014, alleging disability beginning September 11, 2011. (R. 10, tr., at 177-178, 194-195.) He stated that the physical or mental conditions which limit his ability to work are: "COPD, scoliosis, osteoarthritis of right shoulder, left forearm amputation, depression." *Id.* at 200.

On initial review, state agency physician William Bolz, M.D., completed a physical residual functional capacity assessment on July 26, 2014. (R. 10, tr., at 71-74.) Dr. Bolz opined that Dowey was limited to lifting and carrying twenty pounds occasionally, and ten pounds frequently. *Id.* at 72. The claimant was capable of standing, walking, or sitting for about six hours of an eight-hour workday. *Id.* The doctor opined that the claimant had unlimited ability to push or pull, other than stated for lift and carry. *Id.* The claimant could frequently climb ramps or stairs, and occasionally climb ladders, ropes or scaffolds. *Id.* He could frequently stoop or kneel, and occasionally crouch or crawl. *Id.* Dr. Bolz found manipulative

---

[2] The summary of relevant medical evidence is not intended to be exhaustive. It includes only those portions of the record cited by the parties and also deemed relevant by the court to the assignments of error raised.

restrictions in reaching, handling or fingering with his left arm, due to left arm amputation. *Id.* at 72-73. He was also limited in his ability to reach overhead with his right arm, due to osteoarthritis in that shoulder. *Id.* The doctor indicated Dowey was to avoid concentrated exposure to pulmonary irritants. *Id.* at 73.

In a reconsideration opinion on December 29, 2014, state agency physician Leslie Green, M.D., concluded there was insufficient medical evidence to evaluate the claim. (R. 10, tr., at 83-84, 86.) Although claimant was eligible for disability benefits until March 31, 2012, he did not seek medical treatment during that pertinent period; and Dr. Green determined there was insufficient evidence to make a determination on his claim. *Id.* at 86. Further, the doctor noted there was "no indication that there is medical or other opinion evidence for any source." *Id.* at 84.

IV. ALJ's DECISION

The ALJ made the following findings of fact and conclusions of law in the September 8, 2016, decision:

> 1. The claimant last met the insured status requirements of the Social Security Act on March 31, 2012.
>
> 2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of September 15, 2011 through his date last insured of March 31, 2102 (20 C.F.R. 404.1571 *et seq.*).
>
> 3. Through the date last insured, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment (20 C.F.R. 404.1520(c)).
>
> 4. The claimant was not under a disability, as defined in the Social Security Act, at any time from September 15, 2011, the alleged onset date, through March 31, 2012, the date last insured (20 C.F.R. 404.1520(c)).

4

(R. 10, tr., at 22, 23.)

## V. DISABILITY STANDARD

A claimant is entitled to receive DIB benefits only when he establishes disability within the meaning of the Social Security Act. See 42 U.S.C. §§ 423, 1381. A claimant is considered disabled when he cannot perform "substantial gainful employment by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a).

Social Security Administration regulations require an ALJ to follow a five-step sequential analysis in making a disability determination. See 20 C.F.R. § 404.1520(a); *Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001). The Sixth Circuit has outlined the five steps as follows:

> First, the claimant must demonstrate that he has not engaged in substantial gainful activity during the period of disability. 20 C.F.R. § 404.1520(a)(4)(i). Second, the claimant must show that he suffers from a severe medically determinable physical or mental impairment. *Id.* § 404.1520(a)(4)(ii). Third, if the claimant shows that his impairment meets or medically equals one of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, he is deemed disabled. *Id.* § 404.1520(a)(4)(iii). Fourth, the ALJ determines whether, based on the claimant's residual functional capacity, the claimant can perform his past relevant work, in which case the claimant is not disabled. *Id.* § 404.1520(a)(4)(iv). Fifth, the ALJ determines whether, based on the claimant's residual functional capacity, as well as his age, education, and work experience, the claimant can make an adjustment to other work, in which case the claimant is not disabled. *Id.* § 404.1520(a)(4)(v).

> The claimant bears the burden of proof during the first four steps, but the burden shifts to the Commissioner at step five. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

*Wilson v. Commissioner of Social Security,* 378 F.3d 541, 548 (6th Cir. 2004).

## VI. STANDARD OF REVIEW

Judicial review of the Commissioner's benefits decision is limited to a determination of whether the ALJ applied the correct legal standards, and whether the findings of the ALJ are supported by substantial evidence. *Blakley v. Commissioner of Social Security*, 581 F.3d 399, 405 (6th Cir. 2009)*; Richardson v. Perales,* 402 U.S. 389, 401 (1971). "Substantial evidence" has been defined as more than a scintilla of evidence, but less than a preponderance of the evidence. *Wright v. Massanari,* 321 F.3d 611, 614 (6th Cir. 2003); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). Thus, if the record evidence is of such a nature that a reasonable mind might accept it as adequate support for the Commissioner's final benefits determination, then that determination must be affirmed. *Wright,* 321 F.3d at 614; *Kirk,* 667 F.2d at 535.

The Commissioner's determination must stand if supported by substantial evidence, regardless of whether this court would resolve the issues of fact in dispute differently, or substantial evidence also supports the opposite conclusion. *Bass v. McMahon,* 499 F.3d 506, 509 (6th Cir. 2007); *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986). This court may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *DeLong v. Commissioner,* 748 F.3d 723, 726 (6th Cir. 2014); *Wright,* 321 F.3d at 614; *Garner v. Heckler,* 745 F.2d 383, 387

6

(6th Cir. 1984). The court, however, may examine all the evidence in the record, regardless of whether such evidence was cited in the Commissioner's final decision. *See Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989); *Hubbard v. Commissioner*, No. 11-11140, 2012 WL 883612, at *5 (E.D. Mich Feb. 27, 2012) (quoting *Heston*, 245 F.3d at 535).

## VII. ANALYSIS

Dowey presents the following legal issue for the court's review: "The Administrative Law Judge's conclusion lacked the support of substantial evidence in finding that Plaintiff had no medically determinable impairments." (R. 11, PageID #: 413.) The claimant contends that the ALJ's Step Two determination was in error, because:

> . . . the evidence prior to Plaintiff's insured period and subsequent to Plaintiff's insured period established the existence of "severe" impairments including lumbar degenerative disc disease and an amputated left forearm, and the evidence subsequent to his insured period established the existence of right shoulder rotator cuff tear and osteoarthritis.

*Id.* at 415.

At Step Two of the sequential analysis, claimant has the burden of proving he has a severe medically determinable impairment, in order to establish disability within the meaning of the Act. *Wilson*, 378 F.3d at 548 (citing 20 C.F.R. § 404.1520(a)(4)(ii)); *Jent v. Secretary, HHS*, 919 F.2d 140, 1990 WL 183907, at *1 (6th Cir. 1990) (TABLE, text in WESTLAW) (citing *Higgs v. Secretary, HHS*, 880 F.2d 860, 862-863 (6th Cir. 1988)); *Gist v. Secretary, HHS*, 736 F.2d 352, 357 (6th

7

Cir. 1984)). Claimant is not required to establish total disability at this step; rather, "the severe impairment requirement is a threshold element" which claimant must prove. *Sparck v. Commissioner*, No. 11-10521, 2012 WL 4009650, at *8 (E.D. Mich. Aug. 23, 2012), adopted by 2012 WL 4009852 (E.D. Mich. Sept. 12, 2012) (citing *Gist*, 736 F.2d at 357). A physical or mental impairment must be established by "medical evidence consisting of signs, symptoms, and laboratory findings," not simply by claimant's statements of symptoms. *Long v. Apfel*, No. 99-6426, 2001 WL 45105, at *4 (6th Cir. Jan. 9, 2001) (quoting 20 C.F.R. § 416.908). The evaluation of disability may properly terminate at Step Two upon a finding that claimant has not carried his burden, or that the impairments are not severe. *Williamson v. Secretary, HHS*, 796 F.2d 146, 151 (6th Cir. 1986) (citing *Gist*, 736 F.2d at 357-358); *see also Long*, 2001 WL 45105, at *5.

The ALJ's Step Two analysis was as follows, in relevant part:

> **3. Through the date last insured, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment (20 C.F.R. 404.1520(c)).**
>
> \* \* \* \* \* \*
>
> An "impairment" must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques. Although the regulations provide that the existence of a medically determinable physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, the regulations further provide that under no circumstances may the existence of impairment be established on the basis of symptoms alone. Thus, regardless of how many symptoms an individual alleges, or how genuine the individual's complaints may appear to be, the existence of a medically determinable physical or mental impairment cannot be

8

> established in the absence of objective medical abnormalities; i.e., the medical signs and laboratory findings (SSR 96-4p).
>
> No symptom or combination of symptoms by itself can constitute a medically determinable impairment. In claims in which there are no medical signs or laboratory findings to substantiate the existence of a medically determinable physical or mental impairment, the individual must be found not disabled at step 2 of the sequential evaluation process (96-4p).
>
> There is a sizable gap in the claimant's medical records, leaving a fourteen-year period of utter silence, which begins in 2000 (1F) and does not end until 2014 (2F). Because the whole of the period from the claimant's alleged onset date through and after his date last insured falls squarely within this vacuum, he is unable to produce the medical signs or laboratory findings necessary to establish a medically determinable impairment [see 20 CFR 404.1508 and 404.1528].
>
> The claimant underwent amputation of his left hand and distal forearm in 1992 (1F/8), (hearing testimony). Certainly, it appeals to common sense to suppose that the simple fact of this condition would establish a medically determinable impairment. However, no matter how attractive this train of thought, the fact remains that the claimant did not discernibly treat for this, or any other condition, for lengthy periods, precedent to his alleged onset date, or subsequent to his date last insured. I note that even in his records from 1987-2000, this condition is mentioned on only two occasions, and then only as an aside. The claimant engaged in substantial gainful activity prior to 2011 (5D), (7D), maintained an independent household through 2014 (4E/3), and was released from a remote course of physical therapy without functional limitation (1F/7).
>
> Still, the deciding and conclusory factor in this claim is that I have only the claimant's statements as evidence, and 20 CFR 404.1528 makes clear that the claimant's "... statements alone are not enough to establish that there is a physical or mental impairment."
>
> Accordingly, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment through the date last insured.

(R. 10, tr., at 21-22.)

9

Dowey argues that the Step Two analysis is intended to be merely a "*de minimis* hurdle" in the disability determination process.  (R. 11, PageID #: 414, citing *Huminski v. Commissioner*, No. 5:16CV3000, 2017 WL 6603277, at *6 (N.D. Ohio Dec. 6, 2017), adopted by 2017 WL 6558599 (N.D. Ohio Dec. 21, 2017).) *Huminski* relied on *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988), for this proposition.

*Higgs* indeed stated that "in this Circuit the step two severity regulation codified at 20 C.F.R. §§ 404.1520(c) and 404.1521 has been construed as a *de minimis* hurdle in the disability determination process."  *Higgs*, 880 F.2d at 862 (citing cases).  However, *Higgs* noted as well that Congress had approved the threshold dismissal of claims in appropriate cases, and recognized that "the severity requirement may still be employed as an administrative convenience to screen out claims that are 'totally groundless' solely from a medical standpoint."  *Id.* at 862-863.  In fact, the court in *Higgs* found that the case before it had properly been dismissed, because there was "nothing in the objective medical record credibly suggesting that [claimant] was significantly affected by any of her impairments on or before [the date her disability insurance coverage lapsed]."  *Id.*; *see also Long*, 2001 WL 45105, at *4 (discussing *Higgs* dismissal).

The Sixth Circuit has since confirmed that the claimant's burden must still be satisfied at Step Two:

> It is true that this court has characterized step two of the disability determination process as a "*de minimis* hurdle."  *See, e.g., Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988).  "[A]n impairment can be

10

considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Id.* Nevertheless, a claim may be dismissed at step two if it is determined that the claim is "'totally groundless' solely from a medical standpoint." *Id.* at 863 (quoting *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 89 n. 1 (6th Cir. 1985)). To surmount the step two hurdle, the applicant bears the ultimate burden of establishing that the administrative record contains objective medical evidence suggesting that the applicant was "disabled," as defined by the Act, on or prior to the date that the applicant was last insured. *See id.* The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security regulations interpret § 423(d)(1)(A) to require the existence of a "severe" impairment — that is, "any impairment or combination of impairments which significantly limits [the claimant's] ability to do basic work activities." 20 C.F.R. § 404.1520(c).

*Despins v. Commissioner*, No. 07-1385, 2007 WL 4462369, at *5 (6th Cir. Dec. 14, 2007); *see also Long*, 2001 WL 45105, at *5 (citing cases); *Mayo v. Astrue*, No. 1:11CV2748, 2012 WL 6093920, at *9 (N.D. Ohio Nov. 5, 2012), adopted by 2012 WL 6093900 (N.D. Ohio Dec. 7, 2012) (applicant bears ultimate burden of establishing that administrative record contains objective medical evidence suggesting applicant was disabled, quoting *Despins*).

Dowey contends that evidence prior to and after his insured period should suffice to establish the existence of severe impairments. (R. 11, PageID #: 414-415, citing *Begley v. Mathews*, 544 F.2d 1345, 1354 (6th Cir. 1976), *cert. denied,* 430 U.S. 985 (1977).) In support, Dowey cites *Begley v. Mathews*, which involved several miners' claims for disability benefits under the Black Lung Benefits Act of 1972. *Begley,* 544 F.2d at 1346. In that case, the Sixth Circuit stated:

11

> Since pneumoconiosis does not just suddenly appear, but is of a slow and progressive nature, the court holds that later medical evidence is pertinent to the inquiry, and that therefore, such medical evidence may relate back to a time prior to July 1, 1973 [the statutory application date].

*Begley*, 544 F.2d at 1354. In other words, the *Begley* court relied on the "slow and progressive nature" of black lung disease as justification for expanding the evidentiary record. The court went on to state that: "Medical evidence of a subsequent condition of health, reasonably proximate to a preceding time may be used to establish the existence of the same condition at the preceding time." *Id.* (citing *Wigmore on Evidence* §§ 225, 233 (3d ed. 1940)). In *Begley*, the miners could not establish the requisite diminished lung capacity prior to July 1973, but did have such evidence from "a relatively short time" after that date. *Id.* The court noted that "remedial legislation such as the Black Lung Benefits Act should be given a liberal interpretation." *Id.* at 1346. The medical conditions in this case, however, are not analogous to the progressive nature of black lung disease, and thus do not lend themselves to the application of *Begley*'s expansive consideration of the medical record.

In addition, although Dowey argues that objective medical evidence established the existence of severe impairments, namely, a degenerative lumbar condition and amputation of his arm, before his insured period,[3] the mere diagnosis

---

[3] Both conditions also were documented after the insured period. (R. 11, PageID #: 415).

12

of an impairment says nothing about the severity of that impairment.[4]  *Higgs*, 880 F.2d at 863; *Kutscher v. Commissioner*, No. 1:13CV1389, 2014 WL 3895220, at *13 (N.D. Ohio Aug. 8, 2014) (citing *Foster v. Bowen*, 853 F.2d 483, 489 (6th Cir. 1988)). It is the claimant's burden at Step Two to show that the administrative record contains objective medical evidence that he suffers from a severe medically determinable impairment, on or prior to the date that the applicant was last insured.  *Despins*, 2007 WL 4462369, at *5; *Long*, 2001 WL 45105, at *5.  As the ALJ explained, there are no such medical signs or laboratory findings to substantiate the existence of a medically determinable impairment through the date last insured.  *See* R. 10, tr., at 22.

When the claimant has not carried his Step Two burden, it is proper to conclude the disability evaluation.  *Williamson*, 796 F.2d at 151 (citing *Gist*, 736 F.2d at 357-358); *see also Long*, 2001 WL 45105, at *5; *McKitrick v. Commissioner*, No. 5:10CV2623, 2011 WL 6939330, at *11 (N.D. Ohio Dec. 30, 2011).

The court finds that the ALJ's decision was supported by substantial evidence.  Moreover, the Commissioner's determination must stand if supported by

---

[4]  *See generally Knepp v. Apfel*, 204 F.3d 78, 86 n.1 (3d Cir. 2000) ("Listed Impairment 1.09 clearly finds that only the amputation of both hands, or the amputation of one hand and one foot are severe enough to warrant a presumption of disability"); *Carey v. Apfel*, 230 F.3d 131, 140 (5th Cir. 2000) (VE identified jobs that could be performed with the use of only one arm and hand).

13

substantial evidence, regardless of whether this court would resolve the issues of fact in dispute differently, or substantial evidence also supports the opposite conclusion. *Bass*, 499 F.3d at 509; *Mullen*, 800 F.2d at 545.

## VIII. CONCLUSION

For the foregoing reasons, the court finds that the decision of the Commissioner is supported by substantial evidence. The decision of the ALJ should be affirmed.

s/ David A. Ruiz
David A. Ruiz
United States Magistrate Judge

Date: <u>December 21, 2018</u>

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).